**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DEANA ALLEN**                                                                    **PLAINTIFF**


**V.**                                          **CASE NO. 5:17-CV-05190**


**NANCY A. BERRYHILL, Acting Commissioner**                    **DEFENDANT**
**Social Security Administration**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 13) of the Honorable Erin L. Wiedemann, Chief United States Magistrate Judge for the Western District of Arkansas, filed in this case on September 7, 2018. Plaintiff Deana Allen requests judicial review of the decision to deny her claims for a period of disability and disability insurance benefits ("DIB") and supplemental social security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act.

The Magistrate Judge recommends affirming the Administrative Law Judge's ("ALJ") determination that Allen is not entitled to DIB and SSI benefits. In Plaintiff's objections, she argues that the ALJ engaged in "impermissible medical conjecture" in giving little weight to the medical opinions of Dr. William Kendrick, Plaintiff's treating physician. (Doc. 14 at 2). Plaintiff's objection specifically pertains to the ALJ giving little weight to Dr. Kendrick's interpretation of Plaintiff's lumbar MRI, while affording great weight to the opinion of the state agency's medical consultants. *Id.*

In light of Allen's objections, the Court has undertaken a *de novo* review of the record, and after doing so, finds that the Objections offer neither fact nor law justifying

deviating from the Magistrate Judge's recommendation. Accordingly, the R&R will be **ADOPTED IN ITS ENTIRETY.**

## I. LEGAL STANDARD

In reviewing a decision of an ALJ, the Court must determine if the decision is supported by substantial evidence in the record. *Flynn v. Chater*, 107 F.3d 617, 620 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g) (2017). Substantial evidence is "less than a preponderance." *Rodysill v. Colvin*, 745 F.3d 947, 949 (8th Cir. 2014) (*quoting Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). Additionally, substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). The Court considers both evidence that supports the ALJ's decision alongside evidence that detracts. *Rodysill*, 745 F.3d at 949.

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones*, 619 F.3d at 968; *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Essentially, if "after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005). In considering medical records and opinions, an ALJ possess the discretion to "discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes." *Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009).

## II. ALLEN'S OBJECTIONS

Plaintiff makes two objections to the R&R, both of which stem from the ALJ's decision to give little weight to the opinion of Dr. Kendrick. (Doc. 14 at 2). Plaintiff asserts these issues were not considered in the R&R. *Id.*

First, Plaintiff argues the ALJ engaged in "improper medical conjecture" by giving Dr. Kendrick's opinion, specifically his interpretation of the Plaintiff's lumbar MRI, little weight. *Id.* at 2. This Court finds that the ALJ gave appropriate weight to Dr. Kendrick's opinion. The ALJ ultimately diminished the weight given Dr. Kendrick's opinion because of inconsistencies with his treatment notes. (Doc. 9 at 22); *Goff*, 421 F.3d at 790-91 (noting that "an appropriate finding of inconsistency with other evidence alone is sufficient to discount [a treating physician's] opinion").

Second, Plaintiff argues that the state agency medical consultants' opinions are insufficient to support the ALJ's decision because they did not consider or interpret Plaintiff's lumbar MRI. (Doc. 14 at 3). Essentially, Plaintiff argues that because Dr. Kendrick's opinion was given little weight by the ALJ and the state agency did not consider the MRI, an "evidentiary deficit" emerges that cannot be reasonably resolved by the ALJ's own interpretation. *Id.* This Court finds that the ALJ afforded appropriate weight to both Dr. Kendrick and the state agency consultants under the substantial evidence standard. As a result, the ALJ properly contemplated the results of Plaintiff's lumbar MRI. The ALJ did not reject outright the opinion of Dr. Kendrick as Plaintiff suggests. *Id.* Instead, the ALJ considered the opinion of Dr. Kendrick, but gave it diminished weight because of reasonably perceived inconsistencies between his opinion and treatment notes. (Doc. 9 at 22). While it may be reasonable to draw two separate conclusions from the evidence

3

presented to the ALJ, it is clear that the ALJ acted reasonably in affording less weight to Dr. Kendrick, and as a result, this Court must affirm the ALJ's findings. *Haley*, 258 F.3d at 747 (noting that "as long as there is substantial evidence to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome").

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that all of Allen's objections to the R&R are **OVERRULED**. The R&R (Doc. 13) is **ADOPTED IN ITS ENTIRETY**, and the findings of the ALJ are affirmed. Judgment will enter concurrently with this opinion.

**IT IS SO ORDERED** on this **6**th day of February, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE